UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LACRESE C SMITH, | |
| Plaintiff, | |
| v. | Case No. 3:25-CV-376-CCB-SJF |
| RON NEAL, et al., | |
| Defendants. | |

## OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim. (ECF 8). This case arises from an employment discrimination complaint filed by Plaintiff LaCrese Smith under Title VII of the Civil Rights Act of 1964. (ECF 1). Ms. Smith alleges that Defendants subjected her to unequal terms and conditions in her employment, retaliated against her, and discriminated against her based on her race and gender. (ECF 1 at 4). She seeks $100 million in damages. Defendants now ask the Court to dismiss Ms. Smith's complaint because it fails to state a claim upon which relief may be granted. (ECF 8). Since Defendants filed this motion, Ms. Smith has filed five motions, but only one may be properly construed as a response to Defendants' motion to dismiss. The Court will first consider Defendants' motion to dismiss, then address Ms. Smith's remaining motions.

I. **DEFENDANTS' MOTION TO DISMISS**

    a. **Relevant Background**

The Court summarizes the allegations in Ms. Smith's complaint as follows. Ms. Smith was formerly employed by the Indiana State Prison ("ISP"). During her employment, she served on the Disciplinary Hearing Board at the prison. On September 26, 2024, she conducted a disciplinary hearing and concluded that the subject individual was not guilty. As a result of that finding, Ms. Smith was criticized for her decision-making and unofficially demoted to a case processing role. Shortly after this demotion, she suffered a miscarriage and took a leave of absence. When she returned, she found that her position on the Disciplinary Hearing Board had been filled by a Caucasian woman. Ms. Smith was informed that she would be reassigned to her previous shift. When she spoke with the Deputy Warden of Operations about this reassignment, she was told that it was due to her performance issues. She then raised the issue with Warden Neal, who contradicted the Deputy Warden and told Ms. Smith that the reassignment was unrelated to her performance. At this point, Ms. Smith filed a formal complaint with the Indiana Civil Rights Commission, which referred her complaint to the Equal Employment Opportunity Commission. The EEOC elected not to proceed with the investigation and issued Ms. Smith a right-to-sue letter, after which she filed this lawsuit.

    b. **Analysis**

As a preliminary matter, the Court will determine which of Ms. Smith's filings may be properly construed as a response to Defendants' motion to dismiss. Ms. Smith is

proceeding pro se. Thus, this Court will "liberally construe[]" her filings. *Ebmeyer v. Brock*, 11 F.4th 537, 542 n.4 (7th Cir. 2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But her pro se status does not release her from "compliance with procedural rules." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *see also Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced."). Defendants filed their motion to dismiss on May 13, 2025, and served it upon Ms. Smith via mail. (ECF 8). Ms. Smith had 21 days from that date to either file a response or amend her complaint. Fed. R. Civ. P. 12; Fed. R. Civ. P. 15. Only Ms. Smith's Motion to Clarify Employer Status Under Title and Assert Joint Employer Relationship (ECF 10), filed on May 29, 2025, met that deadline. Thus, the Court will only consider that pleading responsive to Defendants' motion to dismiss.

      To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)); *accord McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2013) (a complaint "must contain 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief"). "[A] formulaic recitation of the elements of a cause of action," and "naked assertions" without supporting facts are inadequate. *Id.* (quoting *Twombly*, 550 U.S. at 557). A complaint therefore fails to state a claim if it does not "describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests [or] plausibly suggest that the plaintiff has a right to relief,

3

raising that possibility above a speculative level." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (internal quotations omitted).

In their motion, Defendants raise two arguments. First, they point out that there "is no [Title VII] personal liability for an individual defendant" who does not employ the plaintiff. *Toran v. Bzdawka*, 72 F. App'x 457, 461 (7th Cir. 2003) (citing *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 494 (7th Cir. 1998)). Ms. Smith identified ISP as her employer, but she did not allege that Defendants employed her. Because Ms. Smith did not claim to be employed by any defendant, Defendants contend that they cannot be held liable under Title VII in their individual capacities.

Second, Defendants argue that Ms. Smith failed to plead any facts that suggest that Defendants were her employers. In support, they point the Court toward five factors developed by the Seventh Circuit to determine whether an employer-employee relationship exists for Title VII purposes:

> (1) the extent of the employer's control and supervision over the employee; (2) the kind of occupation and nature of skill required, including whether skills were acquired on the job; (3) the employer's responsibility for the costs of operation; (4) the method and form of payment and benefits; and (5) the length of the job commitment.

*Love v. JP Cullen & Sons*, 779 F.3d 697, 702 (7th Cir. 2015). Defendants contend that the facts alleged in Ms. Smith's complaint do not support a "plausible" claim that Defendants were Ms. Smith's employers because the only employer Ms. Smith alleges is ISP. *Twombly*, 550 U.S at 570 (2007). Defendants also argue that Ms. Smith failed to plead any facts that suggest Defendants were joint employers along with ISP. The existence of a joint employer-employee relationship for Title VII purposes is assessed

4

using the same factors as an employer-employee relationship. *Love*, 779 F.3d at 701–02. Defendants contend that because Title VII liability requires an employer-employee relationship, and Ms. Smith's complaint fails to allege any kind of employer-employee relationship between her and Defendants, she has failed to state a claim.

Ms. Smith has not filed a direct response to Defendants' motion. Instead, as explained above, she has filed five of her own motions. The only one of these motions filed before her time to respond to Defendants' motion expired is her Motion to Clarify Employer Status Under Title and Assert Joint Employer Relationship. (ECF 10). With its duty to "liberally construe[]" pro se filings in mind, the Court will treat this motion as Ms. Smith's response. *Ebmeyer v. Brock*, 11 F.4th 537, 542 n.4 (7th Cir. 2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). In this pleading, Ms. Smith asserts that Defendants "operated as joint employers with the Indiana State Prison under the definition provided by Title VII." (ECF 10 at 1). In support, she alleges that Defendants "exercised significant control over the terms, conditions, and supervision of Plaintiff's work." (*Id.*)

Though Ms. Smith characterizes her motion as seeking "[j]udicial acknowledgment that for purposes of Title VII liability, the Defendants functioned as joint employers," (ECF 10 at 2), it appears that she is attempting to amend her complaint with new factual allegations. As Defendants correctly point out, it is improper for the Court to take judicial notice of a legal conclusion that is disputed by the parties.

Ms. Smith filed this motion within 21 days of Defendants' motion to dismiss. The Federal Rules of Civil Procedure permit her to amend her complaint once as a matter of course if she does so within 21 days of service of a motion to dismiss. Fed. R. Civ. P. 15(a)(1)(B). Even if Ms. Smith's motion is construed as amending her complaint, though, her claim would be futile. At most, Ms. Smith has alleged facts that plausibly support the conclusion that Defendants were her supervisors. Title VII does not authorize suit against individual supervisors. *See Williams v. Banning,* 72 F.3d 552, 555 (7th Cir. 1995) ("[A] supervisor does not, in his individual capacity, fall within Title VII's definition of employer."); *Sattar v. Motorola Inc.*, 138 F.3d 1164, 1168 (7th Cir. 1998) (noting that it is "well-established" that a supervisor cannot be individually liable under Title VII); *Brenston v. Wal-Mart*, 2009 WL 1606935, at *3 (N.D. Ind. June 8, 2009) ("The Seventh Circuit has made it clear that Title VII does not permit a victim of discrimination to sue the supervisor, even if the supervisor was responsible for the discrimination.").

Ms. Smith attempts to avoid this limitation by characterizing Defendants as joint employers, but the facts she pleads compel the conclusion that they were her supervisors and nothing more. In her complaint, she describes each defendant as holding a job as an employee of ISP. (ECF 1 at 2). She alleges that various defendants discriminated against her, demoted her, and behaved in a hostile manner toward her. But at no point does she plead facts that suggest Defendants shared employer status with ISP. (ECF 1 at 11). And her motion's perfunctory allegation that Defendants "exercised significant control over the terms, conditions, and supervision of Plaintiff's work" is not enough to save her claim. (ECF 10 at 1). To survive 12(b)(6), a complaint

must offer more than "conclusory allegations" that "merely recit[e] the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). This motion, even if construed as an amendment, does not plead sufficient new facts to cure the complaint's failure to state a claim. Defendants' motion to dismiss is **GRANTED.**

## II.   MS. SMITH'S ADDITIONAL MOTIONS

Ms. Smith also filed four additional motions outside the time limit to respond to Defendants' motion to dismiss: (1) a motion for default judgment or alternative relief due to failure to serve and violation of due process (ECF 17), (2) a motion to amend and correct her motion for default judgment (ECF 20), (3) a motion to amend her reply to Defendants' response in opposition to her motion for default judgment and to request sanctions (ECF 26), and (4) a motion under color of law (referencing 42 U.S.C. § 1983) (ECF 29).

As these motions were all filed pro se, they benefit from the same liberal standard of construction the Court applied to Ms. Smith's motion to clarify employer status. *See Ebmeyer*, 11 F.4th at 542 n.4. Though FRCP 15 permits Ms. Smith only one amendment as a matter of course, the rule also provides for amendments by leave of the Court "when justice so requires." Fed. R. Civ. P. 15. Ms. Smith seeks legal relief in each of her motions, but at points she also raises new factual allegations that were not present in her complaint. Below, the Court will address the merits of each of Ms. Smith's motions. Then, where appropriate, it will construe her motions as requests for leave to amend her complaint and consider whether such amendments would permit her action to continue.

### a. Motion for Default Judgment (ECF 17) and Motion to Amend and Correct Motion for Default Judgment (ECF 20)

In her motion for default judgment or alternative relief due to failure to serve and violation of due process (ECF 17), Ms. Smith alleges that Defendants failed to serve a copy of their response to Ms. Smith's motion to clarify employer status (ECF 11) and a copy of their notice of attorney withdrawal (ECF 13) on Ms. Smith. In support, she states that she did not discover those filings until she checked PACER on July 17, 2025. She seeks default judgment based on this failure of service. In the alternative, she asks the Court to strike the Defendants' filings, order proper service of all future filings, require Defendants to serve their original filings on her within 7 days, and permit her 14 days to respond to Defendants' filings. In support, she cites FRCP 55 and the Due Process Clauses of the Fifth and Fourteenth Amendments.

Two days after filing this motion, Ms. Smith filed a motion to amend her motion for default judgment. (ECF 20). As Ms. Smith did not file a separate amended motion, the Court will construe this motion to amend as an amended motion for default judgment. In this motion, the story changes. Ms. Smith states that she discovered Defendants' filings on June 12, 2025, the same day they were filed, by checking PACER. She contends that she is still entitled to default judgment, though, because Defendants failed to serve by mail their response to her motion to clarify. Along with her motion to amend, Ms. Smith filed a declaration in which she restates her allegations that she never received Defendants' response to her motion to clarify and only discovered it by checking PACER.

8

Defendants responded that (1) they did in fact serve their response on Ms. Smith by mail, and (2) even if they hadn't served it on Ms. Smith, that would not merit default judgment. (ECF 22). Ms. Smith replied that the failure to serve her was particularly egregious given her pro se status. (ECF 23). In her reply, she also asked the Court to refer Defendants' counsel to the appropriate disciplinary body for Defendants' failure to serve her with the response to the motion to clarify.

Default is a "drastic sanction" that should only "be used in extreme situations." *Sun v. Bd. of Trustees*, 473 F.3d 799, 811 (7th Cir. 2007). This is not an extreme situation. Furthermore, FRCP 55 provides for entry of default only when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55. That has not happened here. And Ms. Smith's argument is made weaker still by the fact that she timely replied to Defendants' response on June 17, 2025, something neither party mentions in their brief.[1] (ECF 12). Though she titled this filing a "response," it attacks the substance of Defendants' response and reiterates the argument made in Ms. Smith's initial motion to clarify. It was also filed within the 7-day reply deadline set by this Court's local rules. N.D. Ind. L.R. 7–1(d)(3). In essence, Ms. Smith alleges that Defendants failed to serve a filing on her by mail, but she acknowledges that she discovered it herself on PACER the day it was filed. Though she immediately discovered Defendants' response and timely replied to it, she asks the

---

[1] It is unclear to the Court why Ms. Smith initially alleged that she did not discover Defendants' response to her motion to clarify until July 17, 2025, when she replied to Defendants' response on June 17, 2025. Ms. Smith provides no explanation for this perplexing assertion in her motion to amend. The Court reminds Ms. Smith that, pro se or not, she has a duty of candor to this Court. *See Stoller v. Berkshire Hathaway*, 2018 WL 10419769, at *1 n.1 (N.D. Ill. Feb. 20, 2018) ("[E]ven pro se litigants are expected to act with the utmost candor towards the Court, and . . . failure to do so may result in sanctions.").

9

Court to sanction Defendants with default judgment, a judicial "weapon of last resort," *see id.*, because she did not receive notice of Defendants' filing through proper service.

The Court declines to do so. Nor will the Court refer Defendants' counsel to any disciplinary authority. The motion for default judgment and amended motion for default judgment (ECF 17 and 20) are **DENIED.**[2]

### b. Motion Under Color of Law (ECF 26)

In Ms. Smith's Motion Under Color of Law 42 U.S.C. § 1983, she reasserts some of the factual allegations she made in her complaint, introduces a claim under § 1983, and characterizes her motion as submitted to "further support" and "reinforce" her case. (ECF 29). Defendants raise two arguments in response: First, if this motion is an attempt to amend Ms. Smith's complaint, it is improper because Ms. Smith failed to seek leave of Court as required by FRCP 15 and futile because Ms. Smith fails to state a claim under § 1983. Second, if it is an additional reply in support of her motion for default judgment, it is untimely. Ms. Smith asserts in reply that her motion is not an attempt to amend her complaint but rather was filed to help the Court decide Defendants' motion to dismiss. She notes that pro se litigants are entitled to liberal construction of their pleadings. And she argues that her motion is not futile because her claims under § 1983 entitle her to bring her claims against individuals (seemingly conceding that such claims are barred under Title VII). She also argues that she is

---

[2] Ms. Smith also filed a Motion to Amend Reply and Request Sanctions (ECF 26). This motion is identical to her reply to Defendants' response to her motion for default judgment. (ECF 23). It is **DENIED** for the same reasons that her motions for default judgment (ECF 17; ECF 20) are denied.

entitled to procedural "latitude" due to her pro se status and should not be held to procedural rules about amendment of complaints. (ECF 31).

Ms. Smith's characterization of her motion as mere reinforcement of previous pleadings cannot be accepted. The motion invokes § 1983 in its title, introduces a new count based on § 1983, and pleads new facts relevant to a § 1983 claim. But Ms. Smith's complaint makes no mention of § 1983, invoking only Title VII as the basis for this Court's jurisdiction. (ECF 1 at 3). FRCP 8 requires a "short and plain statement of the grounds for the court's jurisdiction" in the complaint. Fed. R. Civ. P. 8(a). And it is "axiomatic" that a party may not amend her complaint or add a claim in the response to a motion to dismiss. *Pirelli Armstrong Tire Corp. Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). As Ms. Smith's § 1983 claim was not present in her complaint, and she is not entitled to amend her complaint in her response to the motion to dismiss,[3] the only sustainable interpretation of this motion is that Ms. Smith is seeking leave to amend her complaint by adding a § 1983 claim.

But even if this Court were to permit Ms. Smith to amend her complaint, the amendment would be futile because she fails to state a claim under § 1983. To state a claim under § 1983, Ms. Smith must allege facts sufficient to plausibly support the claim that Defendants were "person[s]" who acted "under color of" law to deprive her of her rights. 42 U.S.C. § 1983. The only new allegation that Ms. Smith makes in support of her new § 1983 claim is that "[a]ll Defendants were, at relevant times, acting under color of

---

[3] Though Ms. Smith does not characterize this as an additional response to Defendants' motion to dismiss, she states that it was filed to assist the Court's consideration of the issues "in light of Defendants' Motion to Dismiss." (ECF 31 at 1).

11

state law in their official capacities." (ECF 29 at 1). She does not allege any new facts to support this bare assertion, nor did she allege facts that support this assertion in her complaint. As noted above, "a formulaic recitation of the elements of a cause of action" is not enough to state a claim. *Twombly*, 550 U.S. at 557. Though Ms. Smith is entitled to liberal construction of her motions and pleadings, even the most liberal construction of this motion cannot save her case. This motion is **DENIED.**

### III. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss for Failure to State a Claim (ECF 8) is **GRANTED**. The Court has construed Ms. Smith's Motion to Clarify Employer Status Under Title and Assert Joint Employer Relationship (ECF 10) as a response to Defendants' motion to dismiss, but to the degree it seeks independent relief, it is **DENIED.** Likewise, Ms. Smith's Motion for Default Judgment or Alternative Relief Due to Failure to Serve and Violation of Due Process (ECF 17), her Motion to Amend and Correct Motion for Default Judgment or, in the Alternative, for Appropriate Relief Due to Failure to Serve and Violation of Due Process (ECF 20), her Motion to Amend Plaintiff's Response to Defendants' Opposition to Default Judgment and Request for Sanctions (ECF 26) and her Motion Under Color of Law 42 U.S.C. 1983 (ECF 29) are **DENIED.** The Clerk is **DIRECTED** to close this case.

SO ORDERED on January 16, 2026.

                                                       /s/*Cristal C. Brisco*
                                                       CRISTAL C. BRISCO, JUDGE
                                                       UNITED STATES DISTRICT COURT